UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KENNETH R. KASHUBA,

        Petitioner,        2:15-cv-81-SU

        v.        FINDINGS AND RECOMMENDATION

STATE OF OREGON,

        Respondent.

Sullivan, Magistrate Judge.

    Petitioner filed a petition under 28 U.S.C. § 2254 challenging a July 15, 2011 conviction for which he alleged he was sentenced to "[o]ne year incarceration followed by two years probation." Petition (#2) p. 2.

    On January 30, 2015, the court entered an order as follows:

> A petition or motion for habeas corpus relief must be filed by a person who is "in custody" at the time of filing. See, 28 U.S.C. §§ 2241(c),

1 - FINDINGS AND RECOMMENDATION

> 2254(a), 2255.; see also, Chacon v. Wood, 36 F.3rd 1459, 1462 (9th Cir. 1994) (habeas corpus petition not moot based solely on petitioner's subsequent release from custody). The custody requirement is satisfied if an un-incarcerated petitioner is subject to restraints not shared by the public generally. See, Hensley v. Municipal Court, 411 U.S. 345, 351 (1973) (release prior to service of sentence); Jones v. Cunningham, 371 U.S. 236, 242-43 (1963) (release on parole).
>
> An expired or completely served sentence does not meet the in custody requirement, even if that sentence could subsequently be used to enhance a future sentence, unless the petitioner is serving the second of consecutive sentences. See, Garlotte v. Fordice, 115 S.Ct. 1948, 1952 (1995) (consecutive sentences); Malenge v. Cook, 490 U.S. 488, 491-92 (1989)(per curiam) (basis for later enhancement).
>
> In this case, petitioner seeks to challenge a 2011 conviction for which he alleges he was sentenced to one year incarceration and two years of parole. Accordingly, based on the record before the court, petitioner's sentence appears to have been completely served or has expired. Therefore, petitioner is not in custody for purposes of challenging the conviction he seeks to challenge in this proceeding.
>
> Petitioner is allowed 30 days to show cause in writing why this proceeding should not be dismissed on the ground that he is not in custody for purposes of 28 U.S.C. § 2254. Petitioner is advised that failure to show cause as directed herein will result in the dismissal of this proceeding for failure to prosecute.

Order (#5) p 1 - 3.

On February 27, 2015, petitioner filed a response to the court's order to show cause which states *inter alia*:

> "To begin with, I would like to correct the following error in my application for habeas corpus. In reference to question 3. Length of

2 - FINDINGS AND RECOMMENDATION

> sentence. I was sentenced in July of 2011 to 19 months incarceration followed by 3 years probation. I served 12 months with a 30 day transitional early release which was followed by 25 months probation. Please forgive the error as I was extremely pressed for time while filling out the form.

Response to Order of Dismissal (#6) p. 1

Petitioner's Response further details his medical and other problems, which are unfortunate, but immaterial to the "in custody" issue before the court.

Taking into consideration petitioner clarification of the record, it is still apparent that he was sentenced on July 15, 2011, [43 months ago] and served 12 months incarceration followed by 25 months probation [ie. 37 months]. Therefore, he is no longer in custody for purposes of a § 2254 challenge to his conviction.

Petitioner's petition (#2) should be denied *sua sponte* for lack of jurisdiction. The Clerk of Court should be directed to enter a judgment dismissing this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have until March 30, 2015 to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to

3 - FINDINGS AND RECOMMENDATION

timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or
judgment entered pursuant to the Magistrate Judge's recommendation.

### *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. <u>See</u>, 28 U.S.C. § 2253(c)(2).*

DATED this 11th day of March, 2015.

       /s/ Patricia Sullivan
       Patricia Sullivan
       United States Magistrate Judge